UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROADTEX TRANSPORTATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALVATORE DELLA DONNE, et al.,<br><br>Defendants. | Civil Action No. 24-4185 (RK) (RLS)<br><br>**MEMORANDUM ORDER ON MOTION TO COMPEL A SUBPOENA** |

**PRESENTLY** before the Court is a Motion by Plaintiff Roadtex Transportation, LLC ("Plaintiff") to compel non-party David Padron ("Padron") to comply with a subpoena served on him on or about October 18, 2024. (Doc. No. 46). Defendants Robert J. Kelly, Jr. ("Kelly"), High Road Transportation, LLC ("HRT"), and Salvatore Della Donne ("Della Donne") (collectively, "Defendants") oppose the Motion, (Doc. Nos. 47-48), to which Plaintiff has replied, (Doc. No. 52). Padron has not filed any response to the Motion, although Plaintiff's counsel certifies that a copy of the Motion was delivered to Padron by regular mail. (Doc. No. 46-1 at p. 10). The Court has fully considered the Motion and the parties' respective submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth herein, and good cause shown, the Court **DENIES without prejudice** the Motion.

On March 25, 2024, Plaintiff initiated this action, alleging that its former employees, Kelly and Della Donne, misused Plaintiff's confidential information and resources, and solicited Plaintiff's customers to join their new employer and competitor of Plaintiff, HRT. (*See generally* Doc. No. 1). Defendants deny the allegations. (*See generally* Doc. Nos. 32, 34). Discovery is ongoing and, on October 18, 2024, Plaintiff served a subpoena dated October 14, 2024 (the "Subpoena") by delivering it to a "co-resident" at Padron's residence in Palmetto Bay, Florida.

1

(Doc. No. 46-2). Although the Subpoena was served at an address in Palmetto Bay, which Plaintiff proffers is Padron's residence, the Subpoena itself is directed to Padron at a different address in Hialeah, Florida. (*See* Doc. No. 46-2). The Subpoena seeks Padron's testimony as well as the production of documents at a location in Miami, Florida. (Doc. No. 46-2). Annexed to the Subpoena was a list of 15 broad categories of the documents sought to be produced. (Doc. No. 46-2).

Plaintiff now moves to compel the Subpoena because Padron has not responded to the Subpoena or otherwise made contact with Plaintiff's counsel to object to or discuss the Subpoena. (*See* Doc. No. 46-3 at ¶ 4). Defendants oppose the Motion, arguing that Plaintiff did not properly serve Padron because Rule 45(b) of the Federal Rules of Civil Procedure requires personal service on the non-party whose compliance is sought. (*See* Doc. No. 47). Defendants also argue that Plaintiff failed to meet and cover over the requests in the Subpoena, which Defendants contend are overbroad and based on speculation without basis. (*See* Doc. No. 47, 48). In reply, Plaintiff argues that the Court can find proper service because courts within this Circuit are split as to whether Rule 45 requires personal service.[1] (*See* Doc. No. 52). Plaintiff further contends that Defendants' oppositions are not adequate motions to quash or for a protective order and that, even if they were, they are untimely and without proper standing. (*See* Doc. No. 52 at pp. 8-11). Plaintiff adds that the sought-after discovery is relevant and proportional to the needs of the case consistent with Rule 26 of the Federal Rules of Civil Procedure. (*See* Doc. No. 52).[2]

---

[1] Plaintiff also states that it was attempting to personally serve Padron at the address in Palmetto Bay, Florida.

[2] Defendants' opposition and Plaintiff's reply also raise arguments as to the propriety and veracity of Plaintiff's counsel's certification. The Court need not and does not address those arguments for the reasons set forth herein.

2

Pursuant to the Federal Rules of Civil Procedure, the Court may compel a non-party to produce documents or permit an inspection of records. *See* Fed. R. Civ. P. 34(c), 37(a), 45(d), and 45(e). A party moving to compel discovery sought through a subpoena on a non-party "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Indeed, Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure clearly states that "the serving party may move <u>the court for the district where compliance is required</u> for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis supplied). Here, although the parties do not raise whether this Court—the issuing Court—is the Court "for the District where compliance is required[,]" Fed. R. Civ. P. 45(d)(2)(B)(i), it is clear that the place of compliance and "where the discovery is or will be taken" is in Florida, Fed. R. Civ. P. 37(a)(2). As such, absent an appropriate transfer to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, the Court lacks authority under the Federal Rules to adjudicate the Motion.

Accordingly, for those reasons, and for good cause shown,

**IT IS** on this **6th** day of **June 2025** hereby

**ORDERED** that Plaintiff's Motion to Compel is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Memorandum Order on Padron within five (5) business days of the date of this Order; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 46.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE