**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROADTEX TRANSPORTATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SALVATORE DELLA DONNE, et al., <br><br> Defendants. | Civil Action No. 24-4185 (RK) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**THIS MATTER** comes before the Court upon a Motion by Plaintiff Roadtex Transportation, LLC ("Plaintiff") for an award of attorney's fees and costs incurred in connection with three motions to compel discovery and the instant Motion for an award of fees and costs (the "Motion for Fees"). (Doc. No. 100). Defendants Robert J. Kelly, Jr., and High Road Transportation, LLC (collectively, the "HRT Defendants") oppose the Motion. (Doc. No. 106). Defendant Salvatore Della Donne ("Della Donne Defendant"; together with the HRT Defendants, "Defendants") also opposes the Motion and joins in the briefing submitted by the HRT Defendants. (Doc. No. 108). Plaintiff has replied to the opposition. (Doc. No. 111). The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant

1

to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons set forth below and good cause shown, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.   BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the background of this matter and thus the Court only sets forth that background relevant to the instant Motion for Fees.  As the parties are aware, this action arises out of Plaintiff's allegations that Defendants misappropriated trade secrets, breached confidentiality and non-compete agreements, and improperly used Plaintiff's confidential company information to steal clients.  (*See generally* Doc. No. 1).  Defendants deny the allegations.  (*See generally* Doc. Nos. 32 and 34).  Following the joinder of pleadings, discovery ensued, and the Court entered a Confidentiality Order to facilitate the exchange of information.  (*See* Doc. No. 43).

### A.   THE UNDERLYING DISCOVERY MOTION PRACTICE

Discovery quickly proved contentious, leading to three separate motions to compel discovery.  On April 11, 2025, the HRT Defendants filed a motion to compel discovery from Plaintiff, and Plaintiff filed a motion to compel discovery from Defendants.  (*See* Doc. Nos. 59, 60).  The parties fully briefed those motions to compel. (*See* Doc. Nos. 62, 65, 67, and 71).  On July 18, 2025, Plaintiff filed a second motion to compel additional discovery from Defendants, who had not responded to Plaintiff's

2

supplemental requests for production. (*See* Doc. No. 84). Defendants opposed that second motion to compel.[1] (*See* Doc. Nos. 86 and 87).

To address the Three Motions to Compel, the Court held a hearing on August 12, 2025 and issued an oral opinion on the Three Motions to Compel. (*See* Doc. Nos. 90 and 97; *see also* Doc. No. 100-2, Ex. A ("August 12, 2025 Hr'g")). After hearing arguments from counsel and considering the extensive briefing submitted by the parties, the Court denied the HRT Defendants' motion to compel and granted Plaintiff's two motions to compel. (*See* August 12, 2025 Hr'g at 39:1-40:15). During that hearing, the Court also granted Plaintiff leave to seek attorney's fees and costs pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, subject to Defendants' objections thereto. (*See* August 12, 2025 Hr'g at 40:16-41:25).

### B.    THE INSTANT MOTION FOR FEES

Plaintiff attempted to meet and confer with Defendants as to its anticipated Motion for Fees. However, Defendants did not fully engage in the process and insisted on receiving certain damages discovery from Plaintiff first. Having failed to reach a resolution, Plaintiff filed the instant Motion. Plaintiff argues that an award of damages is appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) as to its two motions to compel and pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) as to the HRT Defendants' motion to compel. (*See* Doc. No. 100-1). After considering the

---

[1]  Hereinafter, for ease of reference, the Court refers to these motions to compel as the "Three Motions to Compel."

HRT Defendants' objections to specific time entries—which could have been shared, but was not, during the meet and confer process—Plaintiff seeks the entry of an award of attorney's fees and costs in the amount of $86,916.10.[2] (*See* Doc. No. 111). Plaintiff contends that the attorneys' respective hourly rates are consistent with customary rates for this jurisdiction and that Plaintiff has paid the invoices at issue, without objection. (*See* Doc. No. 100-3). It further argues that the amount of time spent attending premotion and motion practice associated with the Three Motions to Compel is reasonable.

Defendants oppose the Motion. (*See* Doc. Nos. 106 and 108). The HRT Defendants contend the Court should not award any attorney's fees or costs to Plaintiff because their positions on the Three Motions to Compel were substantially justified, making any award unjust. (*See generally* Doc. No. 106). In addition, assuming an award to be warranted, the HRT Defendants argue that Plaintiff's counsel's hourly rates and time expended are unreasonable. (*See generally* Doc. No. 106). More specifically, the HRT Defendants argue that their discovery positions were substantially justified and asserted in good faith to protect their trade secrets and confidential customer information. (*See* Doc. No. 106 at pp. 7-8, 10). They assert that Plaintiff failed to produce sufficient evidence of its damages or solicitation, which, in their view, justifies their objections and precludes an award of fees and costs pursuant to Federal Rule of

---

[2] Plaintiff originally sought an award of fees and costs in the amount of $110,424.50. (*See* Doc. No. 100-1).

4

Civil Procedure 37.  (*See* Doc. No. 106 at pp. 7-8).  As to the quantum sought by Plaintiff, the HRT Defendants also contest the hourly rates and hours expended as excessive.  (*See* Doc. No. 106 at pp. 12, 15-16, 19-21).

In reply, Plaintiff argues that Defendants' discovery positions on the Three Motions to Compel were not substantially justified.  (*See generally* Doc. No. 111).  It points out that, had Defendants met and conferred in good faith regarding the requested fees, Plaintiff would have agreed to reduce certain hours expended in light of certain objections raised for the first time in motion practice.  As such, Plaintiff lowered its request for fees to $86,916.10 by reducing 46.5 hours of time from consideration. (*See* Doc. No. 111 at p. 3).  Plaintiff also reiterates its requested hourly rates are consistent with prevailing market rates in this District, cites authority approving partner rates as high as $1,150, and notes the absence of contrary evidence from the HRT Defendants.  (*See* Doc. No. 111 at pp. 8-9).  Plaintiff further requests that any fee award be imposed jointly and severally on all Defendants and their respective counsel because counsels' conduct contributed to the discovery deficiencies and the resulting motion practice on the Motions to Compel.  (*See* Doc. No. 111 at pp. 15-16).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure mandate that the Court award attorney's fees and costs, absent certain exceptions, to the prevailing party on a motion to compel discovery.  *See* Fed. R. Civ. P. 37(a)(5).  Specifically, Rule 37(a)(5)(A) of the Federal

Rules of Civil Procedure sets forth certain relief when a motion to compel is granted as follows:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  Similarly, when the Court denies a motion to compel discovery, it must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the opposing party's reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(B).  However, the Court cannot require the award of fees and costs if the motion was substantially justified or awarding expenses would be unjust.  *Id.*

Federal Rule of Civil Procedure 37(a)(5) uses mandatory language; however, exceptions apply.  Among such exceptions are when a movant fails to meet and confer in good faith before seeking relief from the court, a party was substantially justified in their respective position, or other factors would render the award of fees and costs unjust.  *See* Fed. R. Civ. P. 37(a)(5).  For a position to be substantially justified it must be of a degree that satisfies a reasonable person that parties could disagree whether disclosure was required.  *See Gov't Emps. Ins. Co. v. E. Coast Spine, Joint & Sports Med. Pro.*

*Ass'n*, No. 21-19408, 2022 WL 4237082, at *3 (D.N.J. Sept. 14, 2022); *see also Baier v. Princeton Off. Park, L.P.*, No. 08-5296, 2018 WL 5253288, at *5 (D.N.J. Oct. 22, 2018) (explaining that substantial justification exists when reasonable people could differ about the appropriateness of the challenged action or when a genuine dispute exists). Substantial justification exists if a party had a reasonable basis in law or fact for its position. *See APG-Int'l, Inc. v. MERO-TSK GmbH & Co. KG*, No. 08-6028, 2012 WL 13018967, at *4 (D.N.J. Jan. 12, 2012).

If a party is entitled to recover fees and costs, the movant bears the burden of proving that the request is reasonable. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). To do so, "the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The party opposing the fee award has the burden of challenging the reasonableness of the requested fee by affidavit or brief, with sufficient specificity, to put the fee applicant on notice. *Id.* at 703, 708. The Court may not reduce the award based on factors the opposing party did not raise. *Ownbey v. Aker Kvaerner Pharms., Inc.*, No. 07-02190, 2023 WL 4447014, at *3 (D.N.J. July 11, 2023) (citing *Rode*, 892 F.2d at 1183).

Courts assess the reasonableness of a fee request using the lodestar method, which multiplies the number of hours worked on the litigation by a reasonable hourly rate. *See McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009); *see also Khal Anshei Tallymawr Inc. v. Twp. of Toms River*, No. 21-2716, 2025 WL 2931232, at *2 (D.N.J. Oct.

15, 2025).  "The lodestar is strongly presumed to yield a reasonable fee." *Washington v. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).  However, a party is "not automatically entitled to compensation for all the time its attorneys spent working on the case." *Interfaith*, 426 F.3d at 711.  The sought-after rates must be based on those rates charged for similar legal services by attorneys with comparable skill, experience, and reputation in the same community.  *See Khal Anshei*, 2025 WL 2931232, at *2 (quoting *DNB Food Distributors, LLC v. Ideal Wholesale Grocers*, No. 21-19913, 2023 WL 11852435, at *1 (D.N.J. Sept. 5, 2023)).  In addition, the time charged must be "reasonably expended for each of the particular purposes described[.]" *Pub. Interest Research Grp. of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995).  A court will exclude from the award those hours "that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley*, 461 U.S. at 434).

Ultimately, when reviewing motions for attorney's fees, the Court conducts a "thorough and searching analysis," which includes a line-by-line review of the billing records to determine whether the movant has met its burden of justifying its requests against specific objections raised by the opposing party.  *Ownbey*, 2023 WL 4447014, at *4.  Courts exercise discretion to determine an appropriate award of attorney's fees and costs.  *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137 (3d Cir. 2018).

## III.    DISCUSSION

Here, Plaintiff was successful on the Three Motions to Compel.  As such, an award of fees and costs pursuant to Rule 37(a)(5) is required absent a showing that an

exception under the Rule applies.  Assuming no exception applies, the Court must still find that Plaintiff's hourly rates, hours expended, and, ultimately, sought-after fees are reasonable in the circumstances presented.

Here, the HRT Defendants, as joined by Della Donne Defendant, contend that an award of fees and costs is inappropriate because their positions on the issues raised in the Three Motions to Compel were substantially justified.  The HRT Defendants further argue that, even assuming entitlement to fees and costs under Rule 37(a)(5) of the Federal Rules of Civil Procedure, Plaintiff's requested fees are unreasonable as to hourly rates and hours expended.

Accordingly, the Court first considers Defendants' objections to Plaintiff's entitlement to an award of fees and costs and then, if necessary, the reasonableness of Plaintiff's requested award.

### A.    PLAINTIFF'S ENTITLEMENT TO FEES AND COSTS

Plaintiff is entitled to an award of reasonable fees and costs related to its two successful motions to compel absent a finding that: the movant failed to exercise "good faith to obtain the . . . discovery without court action;" the opponent's "nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  Similarly, Plaintiff is entitled to award of reasonable fees and costs associated with the HRT Defendants' unsuccessful motion to compel absent a finding that "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

9

Here, Defendants argue that they were substantially justified in asserting their objections to Plaintiff's discovery requests at issue in the two motions to compel because Plaintiff sought confidential, proprietary information for an improper purpose. (*See* Doc. No. 106 at pp. 7-11).

At the outset, the Court notes that Plaintiff filed its second motion to compel because Defendants did not serve *any* responses or objections to Plaintiff's supplemental discovery requests. (*See* Doc. No. 84). Indeed, prior to filing that motion to compel, Plaintiff repeatedly followed up with Defendants to obtain responses. (*See* Doc. No. 84-6). The deadlines for Defendants to serve responses to the supplemental discovery requests were early April and early May, 2025. On May 14, 2025, counsel for Plaintiff wrote to counsel for Defendants to inquire as to the status. Two days later, counsel for the HRT Defendants responded: "We are working on the responses and are expecting to send within a week." (Doc. No. 84-6 at ECF p. 6). Yet, Defendants did not serve any responses, requiring counsel for Plaintiff to follow up again on June 4, 2025. (Doc. No. 84-6 at ECF pp. 4-6). On June 5, 2025, counsel for the HRT Defendants responded that due to logistical issues as well as depositions she was "not able to finalize responses." She added: "I can assure you we are working on them and will advise next week a date certain when we can get them to you." (Doc. No. 84-6 at ECF p. 4).

With no responses having been served, counsel for the parties met and conferred on June 20, 2025. (Doc. No. 84-3 at ₱ 4). During that call, Defendants argued that the

requests were duplicative and responding was unnecessary work and a waste of time. Nevertheless, the parties agreed that Defendants would serve the overdue responses by June 30, 2025. (Doc. No. 84-3 at ⁋ 5). On June 26, 2025, Plaintiff consented to HRT Defendants' request for an extension to July 2, 2025 to serve their responses. (Doc. No. 84-3 at ⁋ 7). On July 11, 2025, Plaintiff informed the Court that Defendants did not serve any responses to those supplemental discovery requests, leading to the filing of the second motion to compel. (*See* Doc. Nos. 82 and 83). Defendants thereafter opposed Plaintiff's second motion to compel on the bases that Plaintiff had not produced enough evidence to support its claims and that Plaintiff had not established that it was entitled to seek "confidential proprietary information and trade secrets of its competitor, Defendant HRT[.]" (Doc. No. 86 at p. 3).

Defendants' failure to even respond or properly assert objections to the supplemental discovery requests at issue in the second motion to compel is not justified. Indeed, Defendants completely ignored their discovery obligations and further repeatedly misrepresented that the responses would be forthcoming. The failure to comply with the Federal Rules of Civil Procedure and their obligations to engage in discovery in good faith is not justified, let alone "substantially justified."

Defendants' other bases for not responding to the discovery requests fare no better. Similar to the second motion to compel, on Plaintiff's first motion to compel, Defendants also argued that Plaintiff had not yet proven its claims, was engaging in a

11

"fishing expedition," and was not entitled to a competitor's proprietary and trade secret information.  (*See* Doc. No. 65 (relying on *Avaya Inc. v. Cisco Systems, Inc.*, No. 10-5881, 2011 WL 4962817 (D.N.J. Oct. 18, 2011))).  Notably, the discovery responses at issue in Plaintiff's first motion to compel included interrogatories and requests for production.  Yet, no Defendant verified their respective interrogatory responses as required by Federal Rule of Civil Procedure 33(b)(5) and counsel for Della Donne Defendant did not even sign the discovery responses as required by Federal Rule of Civil Procedure 26(g)(1).  (*See* Doc. No. 61); *see also* Fed. R. Civ. P. 33(b)(5), 26(g)(1), 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or the party's attention."), and 26(g)(3) ("If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.").

The Court rejected Defendants' arguments in granting Plaintiff's motions to compel.  At the discovery stage, parties are entitled to discover non-privileged information that is both relevant to the claims and defenses and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  A party need not prove its claims before being able to seek discovery from another party.  Indeed, in trade secret cases, such as

this one, defendants may possess much of the evidence related to the alleged misappropriation, upon a *prima facie* showing by the plaintiff. *See, e.g.*, *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 907 (3d Cir. 2021) (recognizing "the challenges a trade secret plaintiff commonly faces when only discovery will reveal exactly what the defendants are up to"); *Osteotech, Inc. v. Biologic, LLC*, No. 07-1296, 2008 WL 686318, at *5 (D.N.J. Mar. 7, 2008) ("Indeed, Plaintiff need not make specific allegations as to exactly how Defendants used or disclosed Plaintiff's trade secrets; there is no heightened pleading standard for a misappropriation claim, and Plaintiff is entitled to seek discovery to support its allegations setting forth a *prima facie* claim."); *see also W. Short Home, LLC v. Graeser*, 661 F. Supp. 3d 356, 375 (M.D. Pa. 2023) (explaining that in cases involving allegations of trade secret misappropriation, a plaintiff may have no way of knowing which trade secrets have been misappropriated without discovery into the defendant's operations); *Bos. Sci. Corp. v. Nevro Corp.*, No. 16-1163, 2020 WL 5095447, at *6-7 (D. Del. Aug. 21, 2020) (acknowledging a common tension in trade secret litigation regarding the scope of discovery where plaintiffs struggle to identify which portions of trade secrets were misappropriated before receiving discovery from defendants).

Further, the Federal Rules of Civil Procedure clearly provide that, absent stipulation or court order, "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(B). As such, Defendants' objections to the discovery requests on the basis that Plaintiff had not yet proven its claims or had

not yet produced certain discovery was not substantially justified because Defendants could simply look to the Federal Rules of Civil Procedure to assess the merits of such objections. (*See* Doc. No. 62-1 at ⁋ 9 (counsel for Roadtex averring that Defendants' counsel "stated they would not talk to their clients about responsive documents or pull documents until Roadtex issues its discovery responses") and ⁋ 15 ("Counsel for Defendants again stated they would not search for responsive documents without a customer list provide by Roadtex.")); *see AdvanSix Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 21-07962, 2023 WL 6297845, at *5 (D.N.J. June 20, 2023) ("Substantial justification exists where the motion raised an issue about which reasonable minds could genuinely differ on whether a party was bound to comply with a discovery rule." (internal quotation and editing marks and citations omitted)).

Defendants' reliance on *Avaya* was also misplaced. In *Avaya*, contrary to Defendants' arguments otherwise, this Court found that the plaintiff was "entitled to discovery without getting into specifics regarding its allegations." *Avaya*, 2011 WL 4962817, at *3. The Court explained that the plaintiff was entitled to seek discovery and information that would support or relate to its claims of trade secret theft and/or unfair competition but could not seek discovery that is overly broad or unduly burdensome. *Id.* Indeed, the Court denied Avaya's motion to compel without prejudice and directed Avaya to tailor its discovery requests to the claims asserted. *Id.* at *4.

14

*Avaya*, thus, stands for the unremarkable proposition that a plaintiff in a trade secret litigation may seek discovery that is relevant to its claims and the defendant's defenses and proportional to the needs of the case, consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure.[3]  The only difference being that, in the context of suits involving competitors, the Court should take a more active role in preventing abuses of the discovery process.  Contrary to Defendants' arguments on the motions to compel, *Avaya* does not preclude discovery "without first establishing *some* connection that Defendants actually have misappropriated any Roadtex trade secrets or solicited any of its customers." (Doc. No. 65 at p. 8 (citing *Avaya*)).  Not only did *Avaya* not support Defendants' objections to the discovery requests at issue, but Defendants inaptly relied upon *Avaya* to refuse to conduct a reasonable search for responsive documents and information.  Defendants, thus, were not substantially justified in refusing to comply with their discovery obligations by relying on *Avaya.*

Further, Defendants' objection to producing or providing confidential proprietary and/or trade secret documents and information lacks substantial justification as well.  On September 30, 2024, the Court entered the parties' agreed-upon Confidentiality Order.  (Doc. No. 43).  That Confidentiality Order permits the parties to restrict the use of confidential and "Attorneys' Eyes Only" materials to litigation purposes only and prohibits any business or competitive use.  (*See* Doc. No.

---

[3] Notably, the Court decided *Avaya* before proportionality was added to Rule 26(b)(1) through the 2015 amendments to the Federal Rules of Civil Procedure.

15

43 at ¶¶ 2 and 7). Courts in this district have repeatedly held that confidentiality concerns do not justify withholding discovery, especially when a protective order is in place to safeguard sensitive information. *See, e.g., Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, No. 15-3271, 2018 WL 3993449, at *2 (D.N.J. Aug. 21, 2018); *E.E.O.C. v. Princeton Healthcare Sys.*, No. 10-4126, 2011 WL 2148660, at *16 (D.N.J. May 31, 2011).

Even assuming Defendants had legitimate confidentiality concerns, they failed to pursue reasonable alternatives, such as designating as confidential or redacting sensitive information, that would have allowed compliance with their discovery obligations while protecting sensitive confidential material. *See, e.g., Gould v. O'Neal*, No. 17-100, 2019 WL 4686991, at *6 (D.N.J. Sept. 26, 2019) (granting plaintiff's motion to compel and finding that defendant failed to explain why privacy and privilege concerns could not be addressed through redaction or a discovery confidentiality order); *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *4 (D.N.J. Aug. 28, 2014) (recognizing confidentiality concerns, but nonetheless granting plaintiff's motion to compel because those concerns could be addressed through an "Attorneys' Eyes Only" designated provision in the protective order). Accordingly, Defendants were not substantially justified in withholding broad swaths of discovery (and appearing to have not conducted a reasonable search for responsive documents) on the basis that the sought-after documents and information are confidential, proprietary, or sensitive.

16

For those reasons, Defendants' "nondisclosure, response, or objection" to the discovery subject to Plaintiff's two motions to compel were not substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Nor do Defendants point to any "other circumstance[]" that would make an award of expenses unjust.

As to the HRT Defendants' motion to compel, the Court will not award reasonable fees and expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In opposing the HRT Defendants' motion to compel, Plaintiff pointed out that the HRT Defendants failed to fully meet and confer on the issues presented, many of which the parties had not reached an impasse. (*See* Doc. No. 62 at pp. 3-5; *see also* Doc. No. 62-1). While the Court did not deny the HRT Defendants' motion to compel for failing to meet and confer as required by Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1(a)(1), the HRT Defendants' consistent failure to comply with their discovery obligations, including the meet and confer process, was not substantially justified. Indeed, had the HRT Defendants properly met and conferred, as they were required to, they could have received the sought-after information without court intervention. Furthermore, through their motion to compel, the HRT Defendants did not show that "reasonable minds could genuinely differ on whether" Plaintiff failed to comply with a discovery obligation. *AdvanSix*, 2023 WL 6297845, at *4.

Accordingly, the Court finds that Plaintiff is entitled to an award of reasonable expenses, including fees, related to the Three Motions to Compel pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

### B.   REASONABLENESS OF EXPENSE AWARD

Plaintiff is entitled to an award of reasonable expenses, including fees, associated with the Three Motions to Compel as well as its instant Motion for Fees. *See Rosner v. Faloni Law Grp., LLC*, No. 20-10279, 2021 WL 933371, at *5 (D.N.J. Feb. 8, 2021) (recognizing that parties are "entitled to the award of reasonable attorney's fees for the time spent preparing a fee petition" (citing *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 924-25 (3d Cir. 1985)).  Reasonableness is determined based upon the lodestar, considering whether the proposed rates are consistent with comparable rates within the relevant market and whether the time spent is reasonably related to the tasks and not excessive, redundant, or otherwise unnecessary. *See id.* at *2-3, and 5.

### Hourly Rates

In support of its Motion, Plaintiff proffers the Declaration of counsel, J. Scott Humphrey.  (Doc. No. 100-3, Ex. C).  He avers to the hourly rates charged by those at his law firm handling this matter:

- Mr. Humphrey, a partner with over twenty-five years' experience, charges $875 per hour;

- Ms. Noelle Torrice, a senior managing associate with over eleven years' experience, charges $685 per hour;

- Ms. Katie Burnett, an associate with over seven years' experience, charges $685 per hour;

- Mr. John Dagon, an associate with over seven years' experience, charges $545 per hour; and

- Ms. Samantha Marchand, an associate with less than one year's experience, charges $450 per hour.

(Doc. No. 100-3, Ex. C at ¶¶ 6, 10-14). Mr. Humphrey declares that these "hourly rates are reasonable and consistent with the prevailing market rates for similarly skilled attorneys handling similar litigation in the District of New Jersey." (Doc. No. 100-3, Ex. C at ¶ 9). In support of these rates, Plaintiff cites case law from this District where courts have found as reasonable hourly rates as high as $995 for partners and $590 for associates. (*See* Doc. No. 100-1 at pp. 9-10; Doc. No. 111 at pp. 8-9). Defendants, however, object, arguing that these rates are unreasonable and cite to cases from this District, and New Jersey state court, wherein the courts found lower rates to be reasonable. (*See* Doc. No. 106 at pp. 12-15).

To calculate the lodestar, the first step is determining the reasonableness of the proposed rates. *Ownbey*, 2023 WL 4447014, at *3 (citing *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 22 (2004)). The hourly rate must be fair, realistic, and accurate, with

19

adjustments to the requested rate made when appropriate. *Id.* A reasonable rate is that charged by "an adequately experienced attorney [of] . . . average skill and ordinary competence[,]" rather than the rate charged "by the most successful or highly specialized attorney[.]" *Id.* (internal quotation marks and citation omitted).

This District routinely considers the factors set forth in New Jersey Rule of Professional Conduct 1.5, as well as the rates set forth in Philadelphia's Community Legal Services ("CLS") fee survey, which the Third Circuit has endorsed as a well-developed and an appropriate gauge of market rates in the broader metropolitan area. *See, e.g.*, *Asdal Holdings, LLC v. IdeaSoil, LLC*, No. 22-04158, 2025 WL 1453134, at *4 (D.N.J. May 21, 2025); *see also Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001); *Gruber v. Sabert Corp.*, No. 21-13312, 2026 WL 509100, at *3 (D.N.J. Feb. 24, 2026); *Arias v. Fam. First Funding, LLC*, No. 23-1226, 2026 WL 472773, at *8 (D.N.J. Feb. 19, 2026); *Farrington v. Freedom Mortg. Corp.*, No. 20-04432, 2024 WL 4285505, at *3 (D.N.J. Sept. 25, 2024); *Shelton v. Restaurant.com Inc.*, No. 10-824, 2016 WL 7394025, at *4 (D.N.J. Dec. 21, 2016). The CLS fee schedule sets forth the following relevant rates: $735 to $850 for attorneys with more than twenty-five years' experience; $420 to $525 for attorneys with between eleven and fifteen years' experience; $320 to $415 for attorneys with between six and ten years' experience; and $235 to $260 for attorneys with less than two years' experience. *See Attorney Fees*, Community Legal Services of Philadelphia, https://perma.cc/HWT5-HM6G. Nevertheless, courts in this District have approved rates higher than that in certain instances. *See, e.g.*, *Asdal Holdings*, 2025 WL 1453134, at

*4 (approving hourly rates as high as $1,150 per hour and $750 per hour); *Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, No. 16-6576, 2024 WL 4370832, at *6 and *8 (D.N.J. Oct. 2, 2024) (finding as reasonable a partner's rate of up to $995 per hour, counsel's rate of $810 per hour, and associate's rate of $590 per hour).

Cases involving theft of trade secrets and the like, such as here, are complex, requiring a particular level of attorney expertise and qualification. The Court has reviewed relevant case law and other sources to ascertain whether Plaintiff's counsel's rates are reasonable according to the prevailing market rates. Upon such a review, the Court finds that, considering counsel's respective backgrounds, experiences, and expertise, their respective hourly billing rates are reasonable when measured against the rates in the New Jersey legal market and that of the greater metropolitan area.

### Hours Expended

Plaintiff initially sought to recover a total of 178.8 hours for work related to the Three Motions to Compel, including post-order compliance, plus 22.5 hours related to the instant Motion for Fees. (*See* Doc. No. 100-3 at ¶¶ 6 and 8; *see also* Doc. No. 100-1 at pp. 10-11). In its reply, however, Plaintiff withdrew its request to recover 46.5 hours of the total time charged. (*See* Doc. No. 111 at p. 3). Plaintiff proffers the relevant invoices in support of its Motion for Fees and Plaintiff's counsel avers that Plaintiff has paid those invoices without objections. (*See* Doc. No. 101, Ex. B; Doc. No. 100-3 at ¶ 4).

21

Defendants object to the number of hours Plaintiff's counsel spent on the Three Motions to Compel, arguing that they are excessive in light of the circumstances. (*See* Doc. No. 106 at p. 16). Defendants contend these were routine discovery disputes and cite, as examples, cases wherein courts found as reasonable fifteen hours for motions to compel, ten hours for discovery-related sanctions, and twelve hours total to draft a motion to compel and a reply. (*See* Doc. No. 106 at pp. 17-18). Defendants also challenge certain hours billed by Ms. Marchand and Ms. Burnett, arguing that they reflect unrecoverable training for a first-year associate. (*See* Doc. No. 106 at p. 19). They further object to the number of hours expended on research and administrative tasks, such as scheduling hearings and meet and confer conferences. (*See* Doc. No. 106 at pp. 20-21). Indeed, it appears Defendants object to almost all, if not all, of the time entries proffered by Plaintiff.

Reasonableness of time expended depends on the amount of time "competent counsel reasonably would have expended to achieve a comparable result." *Ownbey*, 2023 WL 4447014, at *4 (internal quotation marks and citation omitted). The Court will exclude time not reasonably expended, including hours that are "'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp.*, 51 F.3d at 1188 (quoting *Hensley*, 461 U.S. at 433-34). However, this Court has found that an award of fees under Rule 37(a)(5) is "an all-or-nothing proposition: if a discovery dispute is resolved short of a motion to compel, nothing relating to it is compensable. If not, everything is fair game." *AdvanSix*, 2023 WL 6297845, at *3. That means fees associated with "preliminary and

22

obligatory steps preceding a motion to compel discovery" may be recoverable. *Id.*

As to Plaintiff's first motion to compel, Plaintiff seeks to recover a total of 68.1 hours for work performed. More specifically, it seeks to recover 21.6 hours for pre-motion meet and confers and attempts at compliance, 29.2 hours to prepare the motion, 14.1 hours to review and analyze the opposition and reply thereto, and 3.2 hours in moving to seal confidential information. (*See* Doc. No. 112). The Court notes that the majority of this time was expended by Ms. Marchand, the junior member of the legal team, reflecting an effort to limit costs associated with the motion practice.

However, the amount of time spent on pre-motion activities exceeds what would be reasonably expended in the context. Notably, although procedurally distinct, Plaintiff seeks to recover 3.8 hours and 3.2 hours for pre-motion activities for its second motion to compel and the HRT Defendants' motion to compel, respectively. (*See* Doc. No. 112). As to the issues on the first motion to compel, Plaintiff sought for months and through multiple meets and confers to resolve the issue with Defendants, thereby justifying more hours than on the other two motions. (*See* Doc. No. 60-3). However, Ms. Marchand spent a total of 4.3 hours preparing a discovery deficiency letter as to Della Donne Defendant, 2.4 hours for such deficiencies as to Defendant Kelly, and 1.9 hours preparing the same as to Defendant HRT. (*See* Doc. No. 112). She then expended 0.8 hours editing the letter. (*See* Doc. No. 112). Thereafter, Ms. Burnett spent 4.3 hours reviewing the draft letter and providing Ms. Marchand with edits and comments. (*See* Doc. No. 112). Indeed, the letter at issue was a 19-page letter outlining

23

specific discovery responses to which Defendants did not fully or adequately respond. (*See* Doc. No. 60-5). While a relatively lengthy and detailed letter, Plaintiff does not justify how such a letter took 13.7 hours of attorney time. Accordingly, the Court reduces Ms. Marchand's activities on the letter from 9.4 hours to 6.0 hours and Ms. Burnett's activities on the letter from 4.3 hours to 3.0 hours.

Plaintiff, however, has adequately established that the time expended to prepare the first motion to compel and the reply, as well as the related motion to seal, are reasonable considering the issues presented.

As to Plaintiff's second motion to compel, Plaintiff seeks 3.8 hours for pre-motion meet and confers and attempts at compliance, 11.3 hours to prepare the motion, and 4 hours to review and analyze the opposition and reply thereto. (*See* Doc. No. 112). Considering the issues asserted, the Court finds these hours to be reasonably expended.

As to the HRT Defendants' motion to compel, Plaintiff seeks 3.2 hours for the pre-motion meet and confers and attempts to avoid motion practice, and 26.5 hours to prepare the opposition to the motion. (*See* Doc. No. 112). Notably, the HRT Defendants asserted in its motion a variety of issues on which they did not fully meet and confer with Plaintiff, thus requiring Plaintiff to conduct for the first time an analysis of the HRT Defendants' position. In light of that, the Court finds Plaintiff's counsel's hours expended in addressing the HRT Defendants' motion to compel reasonable under these circumstances.

Plaintiff also seeks to recover 17 hours to prepare for and attend the Court's August 12, 2025 hearing on the Three Motions to Compel and 1.5 hours to seek Defendants' compliance with the Court's order regarding the Three Motions to Compel. (*See* Doc. No. 112). The August 12, 2025 hearing lasted just under one hour. (*See* Doc. No. 90). Indeed, substantial preparation was required for that hearing given the number of issues presented on the Three Motions to Compel. However, some of the time Plaintiff seeks to recover include 3.4 hours spent on administrative tasks, such as requesting an adjournment of the original hearing date and conferring on proposed new dates. (*See* Doc. No. 112 at p. 18). These communications appear to have been initiated by the request of counsel for the HRT Defendants to adjourn the original hearing date. Expending 3.4 hours to attend to the scheduling issues is excessive. As such, the Court will redact from the lodestar those hours. Nevertheless, the Court finds the other hours expended for preparing and attending the hearing as well as to seek compliance with the Court's order reasonable and recoverable.

Finally, Plaintiff asks the Court to award fees for 21 hours of work performed to prepare the instant Motion for Fees. (*See* Doc. No. 112). Plaintiff has sufficiently established the reasonableness of those hours in light of the challenges raised by Defendants, some of which were raised for the first time in opposing the Motion for Fees.

Accordingly, the Court approves as reasonable Plaintiff's application for fees and costs associated with Plaintiff's motions to compel, the hearing on the motions, efforts

to gain Defendants' compliance with the Court's orders, and the instant Motion for

Fees as follows:

| TIMEKEEPER | RATE PER HOUR | HOURS | LODESTAR |
|---|---|---|---|
| J. Scott Humphrey | $875 | 9.7 | $8,487.50 |
| Nicole Torrice | $685 | 7.5 | $5,137.50 |
| Katie Burnett | $685 | 18.9 | $12,946.50 |
| John Dagon | $545 | 10.7 | $5,831.50 |
| Samantha Marchand | $450 | 80.3 | $36,135.00 |
| TOTAL | | 127.1 | $68,538.00 |

The Court also approves as reasonable the following Plaintiff's fees and costs associated

with the HRT Defendants' motion to compel:

| TIMEKEEPER | RATE PER HOUR | HOURS | LODESTAR |
|---|---|---|---|
| J. Scott Humphrey | $875 | .8 | $700.00 |
| Nicole Torrice | $685 | .3 | $205.50 |
| Katie Burnett | $685 | 18.6 | $12,741.00 |
| Samantha Marchand | $450 | 10.0 | $4,500.00 |
| TOTAL | | 29.7 | $18,146.50 |

26

### C.    APPORTIONMENT OF THE AWARD

When finding an award of expenses appropriate pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, the Court must then determine how to apportion the award, if at all, between counsel and the litigants.  *See* Fed. R. Civ. P. 37(a)(5)(A) and (a)(5)(B); *see also, e.g.*, *Asdal Holdings*, 2025 WL 1453134, at *7.  Plaintiff seeks to have the Court award the fees jointly and severally against Defendants' counsel and Defendants.  (*See* Doc. No. 111 at p. 15).  In support of that contention, Plaintiff points to conduct by counsel.  (*See* Doc. No. 111 at pp. 15-16).  Here, the Court is not convinced that Defendants themselves were even aware of the discovery disputes.  Indeed, counsel for Defendants represented that "they would not talk to their clients about responsive documents or pull documents until Roadtex issues its discovery responses" and "would not search for responsive documents without a customer list provide by Roadtex." (Doc. No. 62-1 at ¶¶ 9 and 15).  Moreover, as to Plaintiff's second motion to compel, counsel for the HRT Defendants repeatedly misrepresented that she was working on the outstanding discovery responses which would be forthcoming.  (*See* Doc. No. 84-6).  Based on this record, the Court cannot find that Defendants themselves had any culpability in the failure to comply with their discovery obligations. As such, Defendants' counsel shall be responsible for the award of reasonable fees and expenses.

More specifically, counsel for all Defendants shall be jointly and severally liable for the award associated with Plaintiff's motions to compel, the hearing on the motions,

efforts to gain Defendants' compliance with the Court's orders, and the instant Motion for Fees: $68,538.00. Because the HRT Defendants moved to compel discovery as to Plaintiff, counsel for the HRT Defendants shall be responsible for the award associated with that motion in the amount of $18,146.50.

## IV.    CONCLUSION

Accordingly, for the reasons stated above, the Court finds an award of reasonable expenses to be warranted pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. Counsel for Defendants are joint and severally liable for the award of $68,538.00 to Plaintiff. In addition, counsel for the HRT Defendants are responsible for an additional award of $18,146.50. Therefore, for good cause shown,

**IT IS** on this **26th** day of **May 2026** hereby

**ORDERED** that Plaintiff's Motion (Doc. No. 100) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that counsel for Defendants shall remit to Plaintiff a total of $68,538.00 in attorney's fees. Plus, counsel for the HRT Defendants shall additionally remit to Plaintiff a total of $18,146.50. The parties shall meet and confer regarding the timing of such payment. Should the parties reach an impasse concerning the timing of payment, they shall raise it with the undersigned for consideration and resolution; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 100.

**SO ORDERED**.

*/s/ Rukhsanah L. Singh*

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**