**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROADTEX TRANSPORTATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SALVATORE DELLA DONNE, et al., <br><br> Defendants. | Civil Action No. 24-4185 (RK) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**THIS MATTER** comes before the Court upon a Motion by Defendants Robert J. Kelly, Jr., ("Kelly") and High Road Transportation, LLC ("HRT") (collectively, the "HRT Defendants") for an order compelling Plaintiff Roadtex Transportation, LLC ("Plaintiff") to supplement its responses to the HRT Defendants' discovery demands and produce underlying documentation and information relating to a revenue spreadsheet Plaintiff produced in discovery (the "Motion"). (Doc. Nos. 104-105). Defendant Salvatore Della Donne ("Della Donne"; collectively with the HRT Defendants, "Defendants") joins the Motion. (Doc. No. 107). Plaintiff opposes the Motion and requests an award of expenses incurred in responding to it under Federal Rule of Civil Procedure 37(a)(5)(B). (Doc. No. 115). After briefing was completed,

1

Plaintiff filed a supplemental letter, updating the Court as to the status of its production and reiterating its opposition and request for fees. (Doc. No. 118). The HRT Defendants seek the Court to disregard the supplemental letter as an improper sur-reply and further respond to Plaintiff's supplementation. (Doc. No. 119).

The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court DENIES Defendants' Motion.

## I.     BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the background of this matter and thus the Court only sets forth that background relevant to the instant Motion to Compel. Plaintiff "is an asset light, less-than-truckload operator that focuses on temperature-controlled products with a warehousing capability." (Doc. No. 1 at ¶ 20). Its "customers are largely confectionary, and nutritional companies[,]" for whom Plaintiff "delivers freight into retail and grocery distribution centers." (Doc. No. 1 at ¶ 21). Plaintiff previously employed Della Donne and Kelly, who had access to Plaintiff's confidential and proprietary information and who entered into agreements that required, among other things that they not disclose Plaintiff's confidential information to third parties. (*See* Doc. No. 1 at ¶¶ 2-6). Shortly after Della Donne and Kelly left Plaintiff's employment, they began working with Plaintiff's competitor, HRT. (Doc. No. at ¶ 7). Plaintiff

alleges that Della Donne and Kelly have since been actively soliciting Plaintiff's customers to switch to HRT, purportedly by misusing Plaintiff's confidential information. (Doc. No. 1 at ¶¶ 7, 8). Plaintiff initiated this action, alleging that Defendants misappropriated trade secrets, breached confidentiality and non-compete agreements, and improperly used Plaintiff's confidential company information to steal clients. (*See generally* Doc. No. 1). Defendants deny the allegations. (*See generally* Doc. Nos. 32 and 34). Following the joinder of pleadings, discovery ensued, which has been plagued with many issues. (*See* Doc. No. 43).

In a prior motion to compel, the HRT Defendants sought Plaintiff to provide proof of its damages, including identification of any customers lost by Defendants alleged conduct at issue. On August 11, 2025, in an effort to resolve that prior motion—which the Court ultimately denied—Plaintiff produced to Defendant a native Excel Workbook containing historical revenue data for 11 of its customers from January 2022 to June 2025 (the "Revenue Sheet").[1] (*See* Doc. No. 115-1 at ¶ 5). Plaintiff created the Revenue Sheet for purposes of this litigation based on transactional documents within its possession, custody, or control. On one tab, the Revenue Sheet

---

[1] The HRT Defendants purports to annex the Revenue Sheet to the Certification of its counsel in support of the Motion. (*See* Doc. No. 105 at ¶ 8 and ECF p. 87). While the HRT Defendants indicated that they have filed the Revenue Sheet under seal, the HRT Defendants did not electronically file the document on the Court's docket, sealed or otherwise. (*See* Doc. No. 105 at ECF p. 87). Rather, the HRT Defendants provided a thumb drive directly to the undersigned's chambers, which contained the Revenue Sheet. As a result, the Revenue Sheet does not appear on the Court's docket.

provides monthly revenue totals for each customer, as well as Plaintiff's monthly revenue both with and without the revenue associated with the 11 customers. (*See* Doc. No. 115-1 at ¶ 6). On a second tab, the Revenue Sheet provides monthly transactional data for the 11 customers, including, total number of orders, number of pallets, total weights, revenue, cost of goods sold ("COGS"), gross profit, and month-over-month changes in revenue and gross profit. (*See* Doc. No. 115-1 at ¶ 7). The Revenue Sheet ultimately includes revenue data arising from a total of 196,112 orders and 1,003,347 pallets. (*See* Doc. No. 115-1 at ¶ 8).

Thereafter, the parties met and conferred as to further discovery relating to those 11 customers as well as the information contained in the Revenue Sheet. During the meet and confers, Defendants requested more information and documents. (*See* Doc. No. 115-1 at ¶ 12). Plaintiff asserted that the production of all the underlying documents to the information contained in the Revenue Sheet would be unduly burdensome. (*See* Doc. No. 115-1 at ¶ 13). In lieu of producing the source documents, Plaintiff offered to create a more detailed version of it that would "include items like invoice numbers, pricing information, shipping information, and other information" that Defendants may request. (*See* Doc. No. 115-1 at ¶ 15). The HRT Defendants rejected that offer and filed the instant Motion.

Through the Motion, the HRT Defendants argue that Plaintiff has not complied with its discovery obligations because it has not produced the underlying documents used to create the Revenue Sheet and have not provided more information as to the

4

creation of the Revenue Sheet, such as the author or date of creation.[2]  (*See generally* Doc. No. 104-1; *see also* Doc. No. 105 at ¶ 11).  The HRT Defendants contend that the underlying documents and additional information as to the creation of the Revenue Sheet must be produced as responsive to their written discovery requests and interrogatories.  (*See* Doc. No. 104-1 at p. 6).  Moreover, they challenge the reliability of the Revenue Sheet, further contending that Plaintiff's failure to produce documents relating to its purported damages precludes Defendants from preparing their defense and evaluating whether Plaintiff meets Federal Rule of Civil Procedure 11 in bringing its Complaint.  (*See* Doc. No. 104-1 at pp. 9-10).

Plaintiff opposes the Motion.  (*See* Doc. No. 115).  It argues that the Revenue Sheet represents approximately 200,000 orders (for more than 1,000,000 pallets) over a three-and-a-half-year period and includes thousands of underlying transactional documents, such as invoices and bills of lading.  (*See* Doc. No. 115 at pp. 2-3, 15).  Plaintiff further contends that its systems are unable to extract the underlying documentation in bulk, absent creating a new software program; thus, each transactional document would need to be extracted on a one-by-one basis.  (Doc. No. 115 at pp. 16-18; *see* Doc. No. 115-1 at ¶ 14).  Plaintiff thus argues that the production of the underlying transactional data would be unduly burdensome and not proportional

---

[2]  The Court notes that the electronic file submitted by the HRT Defendants to chambers includes metadata reflecting "Authors" and a "Content created" timestamp of "7/22/2025 10:49 AM[.]"  Counsel for Plaintiff confirms that the file produced to Defendants contained this metadata.  (*See* Doc. No. 115-1 at ¶ 18).

to the needs of the case, considering the likely probative value of the information. (*See* Doc. No. 115 at p. 17). It also adds that Defendants failed to fully meet and confer and, without explanation, rejected the offer to provide a more detailed Excel spreadsheet. (*See* Doc. No. 115 at pp. 14, 18-19).

Plaintiff further points out that the current lack of specificity in its damages analyses and disclosures is due to Defendants' failure to produce discovery relating to customer solicitation and the like. (*See* Doc. No. 115-1 at ¶¶ 20-22). Finally, contending that the HRT Defendants' Motion lacks substantial justification, Plaintiff seeks an award of reasonable attorneys' fees and expenses incurred in opposing the Motion pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. (*See* Doc. No. 115 at pp. 22-23).

While this Motion remained pending, Plaintiff filed a letter updating the Court on its efforts to resolve the disputes raised in the Motion. (*See* Doc. No. 118). Plaintiff reiterated that Defendants' demand for all underlying documentation is unduly burdensome and unclear. (Doc. No. 118). It notes that Defendants neither identified the specific underlying documents they sought nor confirmed that they sought the production of "multiple transactional documents supporting every one of the 200,000 underlying transactions[.]" (Doc. No. 118 at p. 1). Plaintiff also raised that Defendants have not explained why they need "approximately 1,000,000 transactional documents when Roadtex already offered to provide a searchable supplemental report that itemizes all of the relevant transactional data." (Doc. No. 118 at p. 1).

Nevertheless, Plaintiff reported that it produced to Defendants a sample supplemental report with approximately 21,000 rows of detailed transactional data for some of the 11 customers. (Doc. No. 118 at pp. 1-2). Defendants, however, declined to withdraw this Motion in light of the supplemental report. (Doc. No. 118 at p. 2). Plaintiff then made a supplemental production of underlying documents for six transactions and provided Defendants with yet another sample supplemental report. (Doc. No. 118 at p. 2). Plaintiff also informed Defendants as to who and how the supplemental reports were generated. (Doc. No. 118 at p. 3). However, Defendants again declined to withdraw this Motion. (Doc. No. 118 at p. 3). Plaintiff contends that Defendants failed to resolve this discovery dispute in good faith and renews its request that the Court deny the Motion and award its reasonable attorneys' fees and expenses. (*See* Doc. No. 118 at p. 3).

The HRT Defendants filed a responsive letter, arguing that Plaintiff's submission was a procedurally improper sur-reply and filed without leave of Court months after the Motion was fully submitted. (*See* Doc. No. 119). The HRT Defendants seek the Court to reject the submission because it presents no new facts or changes in law and therefore violates Local Civil Rule 7.1(d)(6).[3] (*See* Doc. No. 119 at p. 1). The HRT

---

[3] The Court denies the HRT Defendants' request to disregard Plaintiff's letter because it provided a status update as the parties' discussions regarding the discovery dispute and there is no undue prejudice to the HRT Defendants by the Court's consideration of the letter. While Plaintiff's letter continued to reiterate certain arguments raised in the opposition to the Motion, the letter also provided updated information pertinent to

Defendants reiterated their rejection of Plaintiff's proposed compromise, claiming it includes only data Plaintiff deems relevant rather than the full set of requested native data and documents. (*See* Doc. No. 119 at pp. 1-2). They further contended that they satisfied, and exceeded, their good faith meet and confer obligations in attempting to resolve this dispute. (*See* Doc. No. 119 at p. 2).

## II.    LEGAL STANDARD

Parties, generally, may seek discovery regarding any nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial to be discoverable. *Id.*

Whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). Similarly, proportionality is a fact-sensitive inquiry based on the information provided by the parties. *See Democratic Nat'l Comm. v. Repub. Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d

---

the resolution of this Motion. Moreover, the HRT Defendants replied to the letter, thus having had an opportunity to respond to Plaintiff's statements.

Cir. Jan. 7, 2019) (recognizing that a district court "may limit discovery to ensure its scope is proportional to the needs of the case" and is "in the best position to reach a case-specific determination of the appropriate scope of discovery" (internal quotation and editing marks and footnote omitted)); Fed. R. Civ. P. 26, cmt. 2015 amends. ("The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.").

Indeed, courts must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). "While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citation and internal quotation marks omitted).

A party moving to compel discovery bears the initial burden of showing that the information is relevant. *See* Fed. R. Civ. P. 37(a). The party objecting to discovery must explain and support their objections. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

The Federal Rules of Civil Procedure also require that, absent certain exceptions, the Court award reasonable expenses, including attorney's fees and costs, absent certain exceptions, to the prevailing party on a motion to compel discovery, after giving an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A) and 37(a)(5)(B). Federal Rule

of Civil Procedure 37(a)(5) uses mandatory language; however, exceptions apply. Among such exceptions are when a movant fails to meet and confer in good faith before seeking relief from the court, a party was substantially justified in their respective position, or other factors would render the award of fees and costs unjust. *See* Fed. R. Civ. P. 37(a)(5)(A) and 37(a)(5)(B). For a position to be substantially justified it must be of a degree that satisfies a reasonable person that parties could disagree whether disclosure was required. *See Gov't Emps. Ins. Co. v. E. Coast Spine, Joint & Sports Med. Pro. Ass'n*, No. 21-19408, 2022 WL 4237082, at \*3 (D.N.J. Sept. 14, 2022); *see also Baier v. Princeton Off. Park, L.P.*, No. 08-5296, 2018 WL 5253288, at \*5 (D.N.J. Oct. 22, 2018) (explaining that substantial justification exists when reasonable people could differ about the appropriateness of the challenged action or when a genuine dispute exists). Substantial justification exists if a party had a reasonable basis in law or fact for its position. *See APG-Int'l, Inc. v. MERO-TSK GmbH & Co. KG*, No. 08-6028, 2012 WL 13018967, at \*4 (D.N.J. Jan. 12, 2012).

Ultimately, the resolution of the instant dispute lies within the Court's sound discretion. *See, e.g., Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III.    DISCUSSION

Through their Motion, the HRT Defendants contend that Plaintiff should produce all transactional documents underlying the data in the Revenue Sheet because

10

those documents are responsive to their Interrogatories Numbered 3 through 6 and 21 and their Request for Production Numbered 6.  In addition, they argue that Plaintiff failed to comply with its obligations for initial disclosures required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure by not producing sufficient information and documentation relating to its claimed damages.  Plaintiff counters, however, that the production of hundreds of thousands of transactional documents would be unduly burdensome and not proportional to the needs of the case.

The centerpiece of the HRT Defendants' Motion is the demand for production of the underlying documentation supporting Plaintiff's Revenue Sheet.  As discussed above, the spreadsheet tracks revenue for 11 customers over a three-and-a-half-year period, capturing nearly 200,000 separate orders for more than 1,000,000 total pallets. (*See* Doc. No. 115 at pp. 2-3, 15).  While the Motion remained pending, Plaintiff also provided Defendants with sample supplemental reports and produced underlying transactional documents for six of the transactions identified in the Revenue Sheet. Nevertheless, the HRT Defendants insist on the production of what appears to be all of the underlying transactional documents—such as invoices, bills of lading, shipping manifests, and related records—rather than the searchable compiled reports.

### A.    THE MEET AND CONFER PROCESS

As a threshold matter, the Court recognizes Plaintiff takes significant issue with the Motion based on Defendants' purported failure to fully meet and confer prior to raising the dispute with the undersigned.  Plaintiff even points out that Defendants

11

never tailored their demand for the underlying transaction documents in their meet and confers, did not identify any alleged deficient responses to written discovery requests, and raises arguments for the first time on the Motion. In contrast, the HRT Defendants contend that they fully complied with their meet and confer obligations.

Indeed, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a party moving to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Civil Rules similarly requires "an affidavit, or other document complying with 28 U.S.C. § 1746, certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement." L. Civ. R. 37.1(b)(1). That affidavit or certification "shall set forth the date and method of communication used in attempting to reach agreement." *Id.* Courts may deny discovery motions for failure to meet and confer in good faith. *See, e.g., Atl. City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2007 WL 9782696, at *1 (D.N.J. June 7, 2007) (citing *RLA Marketing, Inc. v. Wham-O, Inc.*, No. 04-3442, 2007 WL 766351, at *2 (D.N.J. 2007); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 153 (D.N.J. 1999)).

This is the fifth Motion to compel discovery filed in this action. (*See* Doc. Nos. 46, 59, 60, 84). Notably, the HRT Defendants brought the instant Motion on the very

12

same evening as having conducted one meet and confer with Plaintiff.  (*See* Doc. Nos. 104, 105 at ¶ 11, 115-1 at ¶ 9).  Plaintiff points out that, during that meet and confer, it made numerous suggestions to obviate the need for further motion practice.  (*See* Doc. No. 115-1 at ¶¶ 9-18).  Defendants, however, did not identify any deficiencies in the proposals but instead insisted on receiving all underlying transactional documents.  (*See* Doc. No. 115-1 at ¶ 17).  In addition, Plaintiff raises that, "[c]ounsel for Defendants did not at any time (during the meet and confer or otherwise), discuss any of Roadtex's discovery responses, cite to any particular interrogatory or request for production, or request that Roadtex issue amended discovery responses."  (Doc. No. 115-1 at ¶ 19).

Meeting and conferring in good faith requires a fulsome discussion and evaluation of the dispute.  The Federal Rules of Civil Procedure and the Local Civil Rules of this Court urge litigants to minimize those disputes requiring court intervention.  Indeed, "the court and the parties" are to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  For certain, not all disputes can be resolved.  There must be some that rise to the level of the Court's attention.  Upon a review of the record, as well as the merits, it appears that this dispute should not have been one of them.

Here, through the "meet and confer," Defendants did not fully articulate to Plaintiff their position or explain their concerns with the proposal for supplemental spreadsheets.  Yet, Defendants must have been aware of their position because they

13

filed the instant Motion just hours after the meet and confer. Defendants' conduct in the months following the Motion's filing reinforces this conclusion. In December 2025, Plaintiff provided Defendants with a sample supplemental report encompassing nearly 21,000 rows of transaction data, along with underlying transactional documents for six specific transactions demonstrating how the data connects to source documents. (*See* Doc. No. 118 at pp. 1-2). Defendants again declined to identify any missing categories of data. (Doc. No. 118 at p. 2). Rather, they raised vague concerns about "transparency," requested further meet-and-confers without a specific agenda, and after receiving written answers to their questions regarding authorship and software, still refused to withdraw their Motion. (Doc. No. 118 at pp. 2-3). After over three months of Plaintiff's attempt to resolve the dispute, Defendants still could not articulate what specific information the proposed report failed to provide or why that gap justified compelling production of approximately 1,000,000 individual transactional documents. Nor did Defendants appear to offer any counterproposals towards resolution short of production of all underlying transactional documents.

It is disappointing that the parties could not resolve this Motion without court intervention. Although the Court could deny this Motion for failing to adequately meet and confer in good faith, the Court addresses the merits in the hopes of removing discovery in this matter from the stagnant state it is in. However, the Court takes this opportunity to remind the parties of their obligations to meet and confer in good faith

and provides additional safeguards below to ensure that the meet and confer process going forward occurs in good faith.

### B.    PROPORTIONALITY

Plaintiff also argues that producing underlying documentation for roughly 200,000 separate orders would be disproportionate because it would require over one million total pallets and the creation of a new extraction program. (*See* Doc. No. 115 at pp. 15-16). Plaintiff contends that its searchable supplemental Excel report sufficiently provides the relevant transactional data. (*See* Doc. No. 115 at pp. 16-17).

As to proportionality, Rule 26(b)(1) of the Federal Rules of Civil Procedure requires the Court to weigh the competing interests of permitting or denying discovery of sought-after relevant material. Fed. R. Civ. P. 26(b)(1). Courts also must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, Plaintiff has provided the data that the HRT Defendants seek but not in their preferred format. Through the Revenue Sheet as well as the supplemental reports, the HRT Defendants have the transactional data they seek. Given the volume of the underlying documents, and inability of Plaintiff to extract the documents absent writing a new software, the burden of producing all underlying transactional documents does not appear to outweigh their probative value.

The HRT Defendants have not shown that the same sought-after information is not available through the Revenue Sheet, which clearly is "more convenient, less

15

burdensome, [and] less expensive" than production of each and every underlying transactional document.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The HRT Defendants have not attempted to narrow their request to certain subsets of transactional documents and have not even explained what information is lacking in the reports.  While the HRT Defendants may want to check the veracity of the Revenue Sheet and supplemental reports, they have not pointed to any indicia that the data is inaccurate or unreliable. Nor do the HRT Defendants articulate the probative value of such an "audit" where the Revenue Sheet offers a preliminary view of Plaintiff's alleged damages (and necessarily so, considering the limited discovery produced by Defendants to date).

Accordingly, because production of all underlying transactional documents is disproportionate to the needs of this case, the Court denies the HRT Defendants' Motion.  Nevertheless, the parties may meet and confer on any additional targeted and clearly specified transactional data or documents that Defendants may seek.

### C.    AWARD OF REASONABLE EXPENSES

Finally, because the Court denies the Motion, the Court considers Plaintiff's request for an award of reasonable expenses, including attorney's fees, associated with the Motion pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure.  Rule 37(a)(5)(B) provides for an award of expenses when a motion to compel is denied, unless the motion was substantially justified or other circumstances make an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Notably, the Court recently granted a relatively significant fee award to Plaintiff pursuant to Rule 37(a)(5) based on three prior

16

motions to compel certain discovery.  (*See* Doc. No. 120).  Taking that into consideration, together with the standard for "substantially justified," the Court finds that an award of reasonable expenses in connection with this Motion would be unjust. Accordingly, the Court denies Plaintiff's request for an award of fees and costs associated with responding to this Motion.

## IV.    CONCLUSION

The Court denies the HRT Defendants' Motion to Compel Plaintiff to produce all transactional documents supporting the data provided in the Revenue Sheet and supplemental reports because the requested discovery is not proportional to the needs of this case.  Therefore, for the reasons set forth above and for good cause shown,

**IT IS** on this **29th** day of **May 2026** hereby

**ORDERED** that Defendants' Motion to Compel is **DENIED**; and it is further

**ORDERED** that Plaintiff's request for an award of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) is **DENIED**; and it is further

**ORDERED** that, for future discovery disputes that are raised with the Court either informally or formally, the parties shall comply with Local Civil Rule 37.1(b)(1) and submit a certification or declaration that avers to the meet and confers between the parties leading up to the dispute that includes the dates, times, duration, and method used, as well as an identification of the individuals in attendance.  No discovery dispute shall be raised with the Court until the parties engage in at least two fulsome, good faith meet and confers; and it is further

17

**ORDERED** that the parties shall meet and confer and electronically file a joint proposed amended scheduling order by **June 8, 2026**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 104 and the informal motion pending at Docket Entry Number 119; and it is further

**ORDERED** that the Clerk of the Court shall administratively close this matter pending the entry of an amended scheduling order.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**